UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHEREEN S. KAMAL SAID,

                Plaintiff,                      **MEMORANDUM & ORDER**

        -against-                  1:23-cv-03313-OEM-JAM

NYC HEALTH AND HOSPITAL CORPORATION,
(NYC-HHC), KINGS COUNTY HOSPITAL
CENTER, and LATOYA JACKSON,

                Defendants.
----------------------------------------------------------------X
**ORELIA E. MERCHANT, District Judge:**

      Plaintiff Shereen S. Kamal Said ("Plaintiff") commenced this action against defendants NYC Health and Hospital Corporation ("NYCHHC"), Kings County Hospital Center ("KCHC"), and Latoya Jackson ("Jackson") (together with NYCHHC and KCHC, "Defendants") on May 2, 2023, alleging that she suffered discrimination and retaliation at the hands of Defendants while employed at KCHC.  Complaint ("Compl."), ECF 1.  On December 22, 2023, Defendants moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Notice of Defendants' Motion to Dismiss ("MTD"), ECF 10.  For the following reasons, Defendants' motion to dismiss is granted in part, with respect to Plaintiff's retaliation claim and all claims against KCHC, and denied in part, with respect to Plaintiff's discrimination claims.

## BACKGROUND

      Plaintiff, a resident and domiciliary of the State of New York, was employed by NYCHHC from 2014 until August 25, 2022.  Compl. at 2-3.  On July 5, 2022, Plaintiff began working as an Associate Director of Healthcare Standards at KCHC, where defendant Latoya Jackson served as the Quality Director and Plaintiff's immediate supervisor.  *Id.* at 3.

Plaintiff alleges that "[a]s soon as Latoya Jackson started to assign projects and/or tasks to the Plaintiff, she started noticing the difference between how she was being treated and how her coworkers would be treated by Defendant Jackson." *Id*.  Plaintiff alleges that "she was being treated differently based on her national origin and/or race on [sic] multiple incidents." *Id.* at 4. Plaintiff alleges that on one occasion, Jackson overheard Plaintiff speaking in Arabic "in the hallway" and "snapped at Plaintiff," saying "do not ever use this language while you are in my department." *Id*.  Plaintiff alleges that on another occasion, Jackson said to Plaintiff that "all Middle East people are associated with terrorists, and we should be careful." *Id*.

Plaintiff also alleges that she was subjected to other forms of "differential treatment," including that Plaintiff was forced to work in close proximity with a COVID-19 positive coworker and that "Jackson did not share data related to projects that Plaintiff's team was assigned to." *Id*.

Plaintiff alleges that she was terminated on August 25, 2022. *Id*. at 5.  Though Plaintiff was told that her termination was due to "performance issues," Plaintiff alleges that "in fact the reason for her termination was discriminatory in nature." *Id*.

## LEGAL STANDARD

Defendants seek to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).  "To survive a motion to dismiss, Plaintiff's complaint must meet the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the

complaint, [...] drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

**DISCUSSION**

**A.  Plaintiff's Retaliation Claims**

**1.   Title VII**

Plaintiff brings a claim for retaliation in violation of Title VII.  "To sustain a prima facie case of retaliation under Title VII, a plaintiff must demonstrate '(1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" *Mitchell v. State Univ. of New York Upstate Med. Univ.*, 723 F. App'x 62, 63 (2d Cir. 2018).

Defendants argue that Plaintiff's retaliation claims fail because Plaintiff fails to allege a causal connection between any protected activity and any adverse action.  Memorandum of Law in Support of Defendants' Motion to Dismiss ("MTD MOL"), ECF 10-1 at 3-5.  Defendants argue that Plaintiff's sole potential protected activity alleged in the complaint was her filing of a charge with the Equal Employment Opportunity Commission ("EEOC"), which took place after Plaintiff's termination. *Id*. at 4.  Because this protected activity post-dated Plaintiff's termination, Defendants argue that it cannot have been a causal force behind Plaintiff's termination.  *Id*.

Plaintiff contends in response that her complaint includes allegations of two pre-termination protected activities: that she (1) "complained to her direct supervisor, Latoya Jackson, about not sharing data related to the projects Plaintiff was assigned to, which hindered her ability to do her job," and (2) complained to Jackson "about sharing a desk with a colleague who had

COVID-19 symptoms."  Plaintiff's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss ("MTD Opp."), ECF 12-1 at 4.

The first of these two contentions—that Plaintiff complained to Jackson about Jackson's failure to share data with Plaintiff—does not appear anywhere in Plaintiff's complaint.  Though Plaintiff alludes in general terms to having opposed racial discrimination, her complaint does not make specific factual allegations related to this topic aside from the filing of an EEOC charge.  *See, e.g.*, Compl. at 8 ("As previously set forth, Plaintiff opposed the racially discriminatory practices of the defendants, amongst other actions by filing charges of racial discrimination with the appropriate federal agency.").

Plaintiff's second contention finds more of a factual footing in the complaint in that Plaintiff did allege in the complaint that she "alert[ed] Defendant Jackson of the imminent risk" associated with "Plaintiff's coworker, who sat right behind her […] displaying all the symptoms associated with COVID-19."  Compl. at 4.  However, Plaintiff's complaint about her coworker coming into work while sick was not a complaint in opposition to discrimination and therefore was not protected activity under Title VII.  *See Bennett v. Hofstra Univ.*, 842 F.Supp. 489, 500 (E.D.N.Y. 2012) ("[I]n order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by Title VII."); *Jaeger v. N. Babylon Union Free Sch. Dist.*, 191 F. Supp. 3d 215, 232 (E.D.N.Y. 2016) ("[T]o trigger Title VII's anti-retaliation provisions, an employee's actions need only be 'sufficiently specific ... so that the employer is put on notice that the plaintiff believes he ... is being discriminated against on the basis of ... gender.'") (cleaned up); *Brummell v. Webster Cent. Sch. Dist.*, No. 06-CV-6437, 2009 WL 232789, at *5 (W.D.N.Y. Jan. 29, 2009) ("Absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title

VII.").  Though Plaintiff alleges in her complaint that Jackson's response to Plaintiff's complaint was discriminatorily inadequate, that allegation does not retroactively transform Plaintiff's general employment complaint about a sick coworker into a protected complaint against discrimination.

Because Plaintiff fails to allege a protected activity that pre-dated her termination, and that therefore could have had some causal connection to an adverse action, Plaintiff's retaliation claim fails.

### 2.   NYCHRL and NYSHRL

Plaintiff also brings claims for retaliation in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Right Law ("NYCHRL").  In similar form to Title VII, "[i]n order to state a claim of retaliation under the NYSHRL and NYCHRL, a plaintiff must allege: (1) The participation in a protected activity, (2) That the defendant was aware of the protected activity, (3) An adverse employment action, or under the NYCHRL, the employer's actions disadvantaged plaintiff and were reasonably likely to deter a person from engaging in protected activity, [and] (4) A causal connection between the protected activity and the adverse employment action." *Black v. ESPN, Inc.*, 70 Misc. 3d 1217(A), 139 N.Y.S. 3d 523 (N.Y. Sup. Ct. 2021).

Though Plaintiff argues that the elements of retaliation under the NYSHRL and NYCHRL are less stringent than those under Title VII, for the same reasons as stated *supra* pp. 3-5, Plaintiff has still failed to sufficiently allege that she engaged in any protected activity under the NYSHRL or the NYCHRL.  *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313 n. 11 (N.Y. 2004) ("Filing a grievance complaining of conduct other than unlawful discrimination . . . is simply not a protected activity subject to a retaliation claim under [NYSHRL or NYCHRL.]").

5

Accordingly, Plaintiff's claims for retaliation under the NYSHRL and NYCHRL are dismissed.

**B. Plaintiff's Discrimination Claims**

**1. Title VII**

Plaintiff brings a claim against Defendants for discrimination in violation of Title VII.  To establish a claim of discrimination under Title VII, a plaintiff must plead that "(1) he was a member of a protected class; (2) he was competent to perform the job in question, or was performing the job duties satisfactorily; (3) he suffered a materially adverse employment action; and (4) the action occurred under circumstances that give rise to an inference of discrimination."  *Jeune v. City of New York*, No. 11 CIV. 7424 JMF, 2014 WL 83851, at *4 (S.D.N.Y. Jan. 9, 2014).

Defendants argue that Plaintiff has failed to adequately plead discrimination in violation of Title VII because "Plaintiff fails to plead that any adverse employment action occurred under circumstances giving rise to an inference of discrimination."  MTD MOL at 6.

Defendants first argue that Jackson's alleged demand that Plaintiff not speak Arabic at work was a facially neutral and permissible workplace rule.  *See id*. (citing *Weiping Liu v. Indium Corp. of Am.*, No. 20-64, 2021 U.S. App. LEXIS 25875, *3-4 (2d Cir. Aug. 27, 2021) ("With respect to the no Chinese rule, [the plaintiff] failed to offer any evidence that employees were permitted to speak other foreign languages at work or that Chinese employees were otherwise singled out under the rule.")).

Defendants next argue that Jackson's alleged comment that "all Middle East people are associated with terrorists, and we should be careful," Compl. ¶ 25, was a single statement and therefore insufficient as a matter of law to establish a Title VII discrimination claim.  Defendants further allege that Jackson hired Plaintiff—an allegation that is not made in the complaint and

therefore inappropriate to consider at this stage—which Defendants argue cautions against a finding of discrimination.  MTD MOL at 7.

Defendants' arguments are unavailing.  Plaintiff has alleged that Jackson made at least one overtly discriminatory statement: that "all Middle East people are associated with terrorists, and we should be careful."  Compl. ¶ 25.  On another occasion, Plaintiff alleges that she was "singled […] out because she is from the Middle East" when Jackson told her not to "ever use that language" when Jackson overheard Plaintiff speaking Arabic.  The Court finds that, at least at the motion to dismiss stage, these comments, combined with Plaintiff's allegations of disparate treatment, suffice to plead an inference of discrimination.

"To determine whether a remark is 'probative of discrimination' or merely a 'non-probative 'stray remark,'' the Court must 'consider factors such as: '(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process).'"  *Meyer v. State of New York Off. of Mental Health*, 174 F. Supp. 3d 673, 689 (E.D.N.Y. 2016), *aff'd sub nom. Meyer v. New York State Off. of Mental Health*, 679 F. App'x 89 (2d Cir. 2017) (cleaned up).  Here, in light of Plaintiff's allegations regarding Jackson's decision-maker status, the temporal proximity of the comments to Plaintiff's termination (which is implied given the short tenure of Plaintiff's employment), and the Court's finding that these comments could both be viewed by a reasonable juror as discriminatory, the Court finds that Plaintiff has adequately pled an inference of discrimination.

## 2. NYSHRL and NYCHRL

The elements of a discrimination claim under the NYSHRL are identical to the elements of Title VII discrimination. *Viera v. Olsten/Kimberly Quality Care*, 63 F. Supp. 2d 413, 418 n.1 (S.D.N.Y. 1999) ("The analysis for discrimination claims under the NYHRL is the same as that under Title VII."); *see also Jeune*, 2014 WL 83851, at *4 ("For federal and state claims, a plaintiff must show that: (1) he was a member of a protected class; (2) he was competent to perform the job in question, or was performing the job duties satisfactorily; (3) he suffered a materially adverse employment action; and (4) the action occurred under circumstances that give rise to an inference of discrimination."). The pleading standard for a discrimination claim under the NYCHRL is less exacting than that for a Title VII discrimination claim. *See id.* ("The NYCHRL modifies the third prong of the prima facie case so that the adverse action need not be 'material.' Instead, a plaintiff bringing a NYCHRL claim must simply demonstrate differential treatment that is 'more than trivial, insubstantial, or petty.'"). Therefore, the Court denies Defendants' motion to dismiss as to Plaintiff's NYSHRL and NYCHRL discrimination claims for the same reasons that it denies Defendants' motion to dismiss as to Plaintiff's Title VII claim.

## C. KCHC

Defendants lastly argue that KCHC is an entity immune from suit, i.e. not a suable entity. Plaintiff offers no response. The Court finds that KCHC, as an operating division of NYCHHC, is not a separate corporate entity subject to suit. *See, e.g.*, *Igrassia v. Health & Hospital Corp.*, 130 F. Supp. 3d 709, 716 (E.D.N.Y. 2015) ("Elmhurst is an operating division of HHC and not a separate corporate entity subject to suit."). Accordingly, all claims against KCHC are hereby dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted with respect to Plaintiff's retaliation claim and all claims against KCHC but denied with respect to Plaintiff's discrimination claims.

**SO ORDERED.**


      /s/
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
      April 24, 2024